# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1442V

|  |  |
|---|---|
| DAWN HOBBS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 30, 2024 |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 7, 2021, Dawn Hobbs filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged she suffered a Table injury – Guillain-Barré syndrome ("GBS") – as a result of an influenza vaccine received on November 4, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. On July 10, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. ECF No. 26. Because the parties could not informally resolve the issue of damages, they filed briefs setting forth their respective arguments and were notified that I would

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

resolve this dispute via an expedited "Motions Day" hearing, which took place on January 29, 2024.

Petitioner has requested an award of $170,000.00 for Petitioner's actual pain and suffering, while Respondent recommends an award of $93,200.00. The parties agreed upon an award of $7,458.42 for Petitioner's unreimbursed expenses, and $10,500.20 in lost wages.

At the conclusion of the Motions Day hearing, and after listening to the arguments of both sides, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). (An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter – but I hereby fully adopt and incorporate that oral ruling as officially recorded.) In addition, in another recent ruling I discussed at length the legal standard to be considered in determining damages in cases involving GBS as the injury. I fully adopt and hereby incorporate my prior discussion of the legal standard and statistical data for such cases from *Grant v. Sec'y of Health & Hum. Servs.*, No. 20-1262V, 2023 WL 6214589, at *4-6, n.6 (Fed. Cl. Spec. Mstr. Aug. 31, 2023). The official recording of my oral ruling also includes my discussion of various comparable cases, as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding damages herein.

Based on my consideration of the complete record as a whole and the parties' arguments, and for the reasons discussed at the Motions Day argument, pursuant to Section 12(d)(3)(A) **I find that $135,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.**[3]

Accordingly, **I award Petitioner a lump sum payment of $152,958.62 (representing $135,000.00 for pain and suffering, $7,458.42 for unreimbursed expenses, and $10,500.20 for lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.